IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRIE J. JOHNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-39-TLW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Terrie J. Johns seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 8). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**ISSUES**

Plaintiff argues: (1) that the ALJ improperly weighed the opinions of treating physician Dr. David A. Traub and chiropractor Dr. Thomas E. Cate; and (2) that the ALJ "erred by failing to consider all of Johns' impairments adequately," which is framed as a step two argument. (Dkt. 19).

**STANDARD OF REVIEW**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ANALYSIS

### Treating Physician Opinion

Plaintiff argues that the reasons given by the ALJ for "discounting treating source evidence concerning her impairments and resulting limitations" are not supported by substantial evidence. (Dkt. 19).

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion).

The analysis of a treating physician's opinion is sequential. First, the ALJ must determine whether the opinion qualifies for "controlling weight," by determining whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record. Watkins, 350 F.3d at 1300. If the answer is "no" to the first part of the inquiry, then the analysis is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

However, even if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, treating physician opinions are still entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. § 404.1527. Those factors are as follows:

> (1) the length of the treating relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed, (3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole, (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301 (citing Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). The ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion. Id. (citing 20 C.F.R. § 404.1527(c)(2)). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion

and the reasons for that weight. See Andersen v. Astrue, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).[1]

First, the ALJ correctly concluded that Dr. Traub's opinion is not consistent with other substantial evidence in the record because it is inconsistent with the opinions of both agency physicians, Dr. Kenneth Wainner and Dr. Roberta Herman. (Dkt. 21 at 9; R. 330-37, 361, 400-06). See Mays v. Colvin, 739 F.3d 569, 575 (10th Cir. 2014) (a treating source opinion is only entitled to controlling weight if it is consistent with the remaining evidence of record). Thus, Dr. Traub's opinion is not entitled to controlling weight.

Second, the ALJ's reasoning (in the context of factors 3, 4, and 6 listed above) for according Dr. Traub's opinion "little weight" is easily followed. See Andersen, 312 F. App'x at 717. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012) (when "we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal."). For instance, it is clear from the ALJ's decision that he specifically considered Dr. Traub's medical source statement and the records from Dr. Cate, the chiropractor to whom plaintiff was referred by Dr. Traub. (R. 25). The ALJ concluded that Dr. Traub's opinion was based on plaintiff's subjective statements, which the ALJ found were not entirely credible. Id. Whether or not the Court agrees with the ALJ's assessment, the ALJ's interpretation of Dr. Traub's records is not unreasonable and is, thus, supported by substantial evidence.

The ALJ also discussed the "essentially normal" results of a hip MRI ordered by Dr. Cate and performed May 1, 2013. Id. And, Dr. Wainner, whose opinion the ALJ accorded substantial weight, considered plaintiff's "Hx [history] lumbar DDD [degenerative disc disease]" under

---

[1] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

"Other Alleged Impairments." (R. 330). Additionally, the ALJ specifically mentioned plaintiff's failure to seek treatment or pain medication for her back condition. (R. 25).

As to plaintiff's cancer diagnosis, plaintiff argues that records from Dr. Matthew Armstrong of Oklahoma Oncology support her position. She further argues that the ALJ failed to consider those records and that neither agency physician considered them in combination with her back pain. Dr. Traub, she asserts, did so.[2] (Dkt. 19 at 8-9). However, it is clear from a review of Dr. Armstrong's notes that plaintiff's complaints of nausea, diarrhea, and vomiting were directly related to her treatment medication, which Dr. Armstrong adjusted throughout 2012, resulting in improvement in her symptoms. (R. 301, 349, 372, 380).

Finally, although the ALJ assigned Dr. Wainner's opinion substantial weight, he reduced plaintiff's ultimate RFC to light exertion "based on [plaintiff's] testimony which has been found to be partially credible." (R. 24). The ALJ then listed additional functional limitations to account for plaintiff's Rosacea and visual limits in one eye and discussed plaintiff's 2010 lumbar spine MRI, noting "some degenerative changes but nothing to indicate nerve impingement." (R. 25).

Thus, the ALJ accurately cited the results of the objective medical testing, and the Court is able to follow his reasoning for declining to assign controlling weight to Dr. Traub's opinion, and for subsequently affording it "little weight." The ALJ's explanation for assigning "substantial weight" to Dr. Wainner's RFC findings is also clear.

**Step Two/RFC**

Plaintiff argues that the ALJ "erred by failing to consider all of her impairments adequately," claiming that the ALJ should have found her depression and back pain severe impairments. (Dkt. 19 at 12-15). First, plaintiff bears the burden of proof through step four, where

---

[2] Contrary to plaintiff's claim, Dr. Wainner did consider at least a history of "lumbar DDD" (see 4 *supra*) in his RFC assessment.

5

the burden then shifts to the Commissioner at step five. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). Further, the ALJ's decision contains an error. He states, "there is no medical evidence in the file to support anything other than Leukemia." (R. 25). However, the ALJ specifically discussed much of the medical evidence other than plaintiff's Leukemia; therefore, it is clear that he considered the entire record, and the Court will defer to a "common sense" reading of his decision. Keyes-Zachary, 695 F.3d at 1166. Finally, plaintiff must "provide medical evidence showing [she] ha[s] an impairment(s) and how severe it is during the [alleged period of disability]." 20 C.F.R. §§ 404.1512(c), 416.912(c); (dkt. 21 at 6). Plaintiff did not meet her burden here.

### "Other Medical Source" Evidence/Depression

Plaintiff also argues that the ALJ failed to "consider Dr. Cate's treatment records where he cited x-ray evidence concerning [plaintiff's] back." (Dkt. 19 at 13). A chiropractor is not an "acceptable medical source." See 20 C.F.R. §§ 404.1513(a), 416.913(a). Only "acceptable medical sources" can give medical opinions. See 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Instead, a chiropractor qualifies as an "other medical source," whose opinions "may" be used "to show the severity of your impairment(s) and how it affects your ability to work." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1).

The ALJ is required to consider all of the relevant evidence in the record, including evidence from "other sources." See SSR 06-03p. The Ruling indicates that an ALJ is required to weigh these opinions, stating that

> [a]lthough there is a distinction between what an adjudicator must consider and that the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources" or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, *when such opinions may have an effect on the outcome of the case*.

6

Id. (emphasis added). The Tenth Circuit has adopted this reasoning. See Frantz v. Astrue, 509 F.3d 1299, 1301-02 (10th Cir. 2007). As the language of the regulation clearly states, the ALJ is required to consider the evidence, but the ALJ does not have to expressly discuss and weigh the opinion of an "other medical source" unless the opinion "may have an effect on the outcome of the case." SSR 06-03p. See also Conger v. Astrue, 453 F. App'x 821, 825 (10th Cir. 2011) (holding that the ALJ is required to *consider* other medical source opinion evidence).

Here, plaintiff's reliance on a two-month span of treatment with Dr. Cate and one checkbox "treatment plan" instruction to "restrict activity" and "lifestyle modification during active care" is not evidence of an "impairment … that lasted or [is] expected to last for a continuous period of at least 12 months" that meets the duration requirement for an impairment. See 20 C.F.R. §§ 404.1509, 416.909.

**Depression**

The same duration and burden of proof tests above also apply to plaintiff's complaint that the ALJ failed to consider her depression as a severe impairment. Plaintiff simply never alleged anywhere in the record that she was depressed, until her oncologist suggested that she may be perimenopausal due to irregular menstrual cycles on April 2, 2013, and "urged her to pursue" a "gynecologic evaluation" because she had not had one in "a few decades." (R. 380). There is no indication in the record that plaintiff followed through on this recommendation. She next visited Dr. Traub on May 8, 2013 with complaints of "severe mood swings," who then diagnosed her with depression. (R. 383).

Further, any perceived error at step two could be considered harmless because the ALJ found other severe impairments and continued with the sequential evaluation, considering at subsequent steps plaintiff's credible limitations. Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008). As discussed above, it is clear that the ALJ considered the entire record, including

7

plaintiff's claims of depression and back pain, in assessing her RFC. Substantial evidence supports both the ALJ's step two findings, and his subsequent RFC decision.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is hereby AFFIRMED.

SO ORDERED this 29th day of September, 2016.

_____
T. Lane Wilson
United States Magistrate Judge